**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JUAN ANGULO MORA,                         )
                                          )
      Petitioner,                       )
                                          )
v.                                        )      **Case No. CIV-26-980-JD**
                                          )
MARKWAYNE MULLIN, et al.,                 )
                                          )
      Respondents.                      )

**REPORT AND RECOMMENDATION**

Petitioner Juan Angulo Mora, a noncitizen[1] and Colombian national proceeding pro

se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28

U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE").

United States District Judge Jodi W. Dishman referred this matter to the undersigned

Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The

undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the

reasons set forth below, the undersigned recommends that the Court deny the Petition.

Doc. 1.

I.    **Background**

Petitioner, a citizen of Colombia, entered the United States on June 21, 2019, on a

B-2 nonimmigrant visa as a Visitor for Pleasure. Resp. at 2; Doc. 8-1 at 1 (Notice to

Appear). He was authorized to reside in the United States until December 20, 2019. Resp.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

at 2; Doc. 8-1 at 1.  Petitioner did not leave the country by December 20, 2019.  Resp. at 2; Doc. 8-1 at 1.

On January 21, 2026, the Oklahoma Highway Patrol ("OHP") encountered Petitioner where his car had broken down.  Resp. at 2; Pet. at 8; *see also* Doc. 8-2 (OHP Warning Notice).  OHP contacted ICE, who informed the OHP officer that Petitioner "was subject to arrest for immigration violations."  Resp. at 2.  The OHP officer arrested Petitioner on authority delegated from ICE to enforce immigration violations.  Resp. at 2; Doc. 8-2.  On January 21, 2026, Petitioner was served with an administrative warrant.  Resp. at 2; Doc. 8-3 (Warrant for Arrest of Petitioner).  The same day, ICE placed Petitioner into removal proceedings before the Immigration Court through a Notice to Appear, and charged him under 8 U.S.C. § 1227(a)(1)(B) as a nonimmigrant who remained in the United States for longer than permitted in violation of law.  Resp. at 2; Doc. 8-1 at 1.

Respondents detained Petitioner pursuant to 8 U.S.C. § 1226.  Resp. at 3.  On March 9, 2026, Petitioner received a bond hearing in front of an immigration judge ("IJ").  Pet. at 8;[2] Doc. 8-5 (IJ Order denying bond from March 9, 2026).  At the bond hearing, the IJ denied bond after finding Petitioner was a flight risk.  Pet. at 8; Doc. 8-5 at 1.  On March 23, 2026, the IJ again denied Petitioner's request for bond because the IJ had "previously conducted a bond hearing in this matter" and "denied bond based on [his] finding that [Petitioner] presents a flight risk."  Doc. 8-6 at 1 (IJ Order denying bond from

---

[2] Petitioner alleges he received a bond hearing on February 23, 2026.  Pet. at 8.  Whether his bond was denied on February 23 or March 9 does not impact the undersigned's analysis or conclusion.

2

March 23, 2026).  On March 30, 2026, the IJ denied Petitioner's motion for another bond hearing because he had "not established changed circumstances" since his earlier bond hearings.  Doc. 8-7 at 1 (IJ Order denying bond hearing from March 30, 2026). Respondents allege Petitioner did not appeal any of those IJ decisions.  Resp. at 4.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 1.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 21, 2026).

## II.    Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Denial of Individualized Bond Hearing.**  Petitioner alleges he was denied an individualized bond hearing because the IJ denied him bond after finding he was a flight risk and has not scheduled another bond hearing.  Pet. at 8.

- **Count II: Violation of Due Process Clause and Administrative Procedures Act ("APA")**.  Petitioner alleges his continued detention for four months without "fair court procedure" is excessive and violates his right to due process.  *Id*.

- **Count III: Violation of Due Process and the Immigration and Nationality Act ("INA")**.  Petitioner alleges his detention pursuant to a warrant when he did not violate the law violates his right to due process and the INA.  *Id*. at 8-9.

He asks the Court to "order [his] immediate release through an Order of Supervision" or, alternatively, to order "an individualized bond hearing."  *Id*. at 9 (citation modified).

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through

3

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.      <u>Analysis</u>

#### A.      **It is undisputed Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1226(a) generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).  Liberally construed, Petitioner alleges he is detained under § 1226(a) and entitled to a bond hearing.  Pet. at 8-9.  Respondents do not dispute Petitioner is detained under § 1226(a).  Resp. at 1, 4-5.

The Tenth Circuit recently confirmed § 1226(a) applies to govern detention of noncitizens like Petitioner.  *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026).  In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at *7 (citation modified).  Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5.  Therefore, based on Respondents' acknowledgment that § 1226(a) applies, Tenth Circuit precedent, and this Court's prior

4

holding in *Celik v. Blanche*, No. CIV-26-00248-JD, 2026 WL 1908095, at \*1 (W.D. Okla. July 2, 2026), the Court should apply § 1226(a) to govern Petitioner's current detention

### B. The most Petitioner is entitled to is a bond hearing, but such a hearing already occurred.

Petitioner asks the Court to "order [his] immediate release through an Order of Supervision" or, alternatively, to order "an individualized bond hearing." Pet. at 9 (citation modified). Consistent with this Court's recent approach, the undersigned would typically recommend Petitioner be afforded a constitutionally sufficient, individualized bond hearing pursuant to § 1226(a).[3] *See Celik*, 2026 WL 1908095, at \*1 (ordering the government to provide the petitioner with a bond hearing under § 1226). As Judge Russell in this District has explained, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at \*1 (W.D. Okla. Apr. 8, 2026) (citation modified). As

---

[3] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at \*2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at \*1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at \*2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified).

However, Petitioner has already received a bond hearing, and this Court cannot review the discretionary determination of the IJ.  The determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a noncitizen is a flight risk or a danger to the community.  8 C.F.R. § 236.1(c).  Further, § 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review").  "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026); *see also Perez v. Holt,* No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

Respondents attached the IJ's Orders denying Petitioner's request for bond.  Doc. 8-5; Doc. 8-6; Doc. 8-7.  "After hearing and considering the totality of the evidence before the Court," the IJ "denie[d] bond based on [his] finding that [Petitioner] presents a flight risk."  Doc. 8-5 at 1; Doc. 8-6 at 1.  "Petitioner does not indicate that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the

6

burden of proof." *Kumar*, 2026 WL 753944, at *2. Thus, "he has not shown that the decision was somehow legally erroneous or unconstitutional." *Id*.[4] Accordingly, "the Court lacks jurisdiction to reconsider the IJ's discretionary decision," *id*. (citation modified), to deny bond.[5]

### C.     The Court should deny Petitioner's remaining claims.

Petitioner also argues his continued detention without a bond hearing violates his rights to due process. Pet. at 8. If the Court adopts the undersigned's recommendation that Petitioner be denied relief of a bond hearing, the Court should also deny relief on Petitioner's remaining claims alleging a violation of his due process rights because, at most, he would only be entitled to relief in the form of a bond hearing, which he has already received. *See Celik*, 2026 WL 1908095, at *1 (declining to decide the merits of a

---

[4] Section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law." *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (citation modified); *see also Kumar*, 2026 WL 753944, at *2 (noting petitioner's arguments about the potential adequacy of the bond hearing, such as the denial of an opportunity to present evidence or the IJ's application of an improper burden of proof, were too undeveloped to warrant habeas relief); *Perez*, 2026 WL 597126, at *6 n.11 (noting petitioner did not allege the bond hearing was unconstitutional, such as raising a claim about the "impropriety of burden allocation at the bond hearing"). However, the Petition does not allege Petitioner's bond hearing was constitutionally deficient. Accordingly, Petitioner does not claim the process afforded him at the bond hearing was constitutionally inadequate. *See Kumar*, 2026 WL 753944, at *2; *Perez*, 2026 WL 597126, at *6 n.11; *see also Singh v. Blanche*, No. CIV-26-311-D, 2026 WL 915596, at *9 & n.9 (W.D. Okla. Apr. 3, 2026) (recommending denial of habeas relief to petitioner who had a prior bond hearing and "nowhere alleges [in his petition] that the IJ used the wrong burden of proof" or otherwise violated the law at the prior bond hearing) (R&R), *adopted*, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026).

[5] If the Court concludes it does not have jurisdiction to review the IJ's discretionary bond decision, the Court need not address Respondents' alternative argument that Petitioner failed to exhaust administrative remedies, Resp. at 8-10.

7

petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)); *accord Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1625669, at *3 (W.D. Okla. June 5, 2026) (holding that a noncitizen whose mandatory detention under § 1226(c) became so prolonged that it violates due process was entitled only to a bond hearing).

To the extent Petitioner argues his continued detention violates the APA because his claims for relief "necessarily imply the invalidity of [his] confinement," such claims "fall within the core of the writ of habeas corpus and thus must be brought in habeas," *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citation modified). *See also id.* at 674 ("Given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (citation modified) (Kavanaugh, J. concurring); *Soberanes*, 388 F.3d at 1310 ("Challenges to immigration detention are properly brought directly through habeas.") (citing *Zadvydas*, 533 U.S. at 687). Accordingly, the Court should deny Petitioner's request for relief under the APA.

Finally, to the extent Petitioner alleges his arrest pursuant to a warrant is somehow improper, Respondents included the warrant for his arrest pursuant to § 1226(a) dated January 21, 2026—the same day he was arrested—signed by a Supervisory Detention and Deportation Officer. Doc. 8-3 at 1. Accordingly, any claim that Petitioner's arrest was improper should be denied. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained . . . .").

**V.      Recommendation and Notice of Right to Object**

For the foregoing reasons, the undersigned recommends that the Court **DENY** the Petition, Doc. 1, for habeas relief.  The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **August 4, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **August 18, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 21st day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

9