**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JUAN ANGULO MORA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00980-JD |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Juan Angulo Mora ("Petitioner"), a noncitizen and Colombian national proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). [Doc. No. 1]. The Court referred this matter to United States Magistrate Judge Chris M. Stephens for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)–(C). [Doc. No. 3].

Judge Stephens issued a Report and Recommendation ("R. & R."), recommending that the Court deny Petitioner's petition for habeas relief. [Doc. No. 10 at 1, 9]. In the R. & R., Judge Stephens reviewed and analyzed Petitioner's claims, which include that he was denied an individualized bond hearing, his continued detention violates the due process clause and the Administrative Procedure Act ("APA"), and his detention pursuant to a warrant when he did not violate the law violates his right to due process and the Immigration and Nationality Act ("INA"). [Doc. No. 10 at 3].

First, the R. & R. concluded that § 1226(a) of the INA governs Petitioner's detention. [Doc. No. 10 at 4 (citing 8 U.S.C. § 1226(a))]. "Section 1226(a) generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing." [*Id.* (citing *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018))]. The R. & R. then concluded that Petitioner had a bond hearing consistent with § 1226(a) and that the Court cannot review the discretionary determination of the immigration judge ("IJ") denying bond because Petitioner is a flight risk. [*Id.* at 5–7].

Second, the R. & R. concluded that Petitioner has not been denied due process "because, at most, he would only be entitled to relief in the form of a bond hearing, which he has already received." [*Id.* at 7]. The R. & R further explained that, to the extent Petitioner argues his continued detention violates the APA, those claims must be brought directly through habeas, not the APA. [*Id.* at 8].

Lastly, the R. & R. found no basis for finding Petitioner's arrest was improper because Respondents attached the warrant for his arrest to their Response. [*Id.*].

Judge Stephens advised Petitioner of his right to object to the R. & R. by filing an objection with the Clerk of Court by August 4, 2026, and explained that failure to timely object to the Report and Recommendation waives appellate review of the recommended ruling. [*Id.* at 9 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))].

Petitioner did not file an objection to the R. & R. or request an extension of time to do so. However, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d

1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

With no objection being filed, and upon review of the record, the Court accepts the R. & R. in its entirety and denies Petitioner's petition. Alternatively, although the Court is not required to review the record and law de novo because Petitioner has not timely objected, the Court has done so and determines it should adopt the R. & R. in full.

The Court therefore ACCEPTS the Report and Recommendation [Doc. No. 10] and DENIES Petitioner's petition [Doc. No. 1]. A separate judgment will follow. To the extent it is necessary, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 12th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE